**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**Civil Action No. 05-cv-106-HRW**

**JONATHON WESSEL,**                                                        **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**


**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for  the reasons set forth herein,  finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on August 8, 2003, alleging disability beginning on July 12, 1999, due to cystic fibrosis, migraine headaches and sleep apnea (Tr. 16).  This application  was denied initially and on reconsideration.  On

March 5, 2005, an administrative hearing was conducted by Administrative Law

Judge Steven Slahta (hereinafter "ALJ"), wherein Plaintiff testified, as did Dwight

McMillion, a vocational expert (hereinafter "VE").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 18, 2005, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 15-23). Plaintiff was 23 years old at the time of the hearing

decision and enrolled as a full-time  undergraduate student at the University of

Kentucky, with an expected graduation date of May 2005 (Tr. 16).  His past

relevant work experience consists of work as a pharmacy technician (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not

engaged in substantial gainful activity since  the alleged onset date of disability

(Tr.22).  The ALJ then determined, at Step 2, that Plaintiff's cystic fibrosis,

migraine headaches and sleep apnea are "severe" within the meaning of the

Regulations (Tr. 22).  At Step 3, the ALJ found that Plaintiff's impairments did not

meet or medically equal any of the listed impairments (Tr. 22).   The ALJ further

found that Plaintiff could not return to his past relevant work (Tr. 22) but

determined that he  has the  residual functional capacity ("RFC") to perform

sedentary work with an option to sit or stand, only performing posturals

occasionally.  The ALJ further found that Plaintff may only work in an

environment free from hazards, such as dangerous moving machinery and

unprotected heights (Tr. 22).  Based upon this RFC, the ALJ, relying upon

testimony of the VE, concluded that the Plaintiff could perform a significant range

of sedentary work.  The ALJ finally concluded that such jobs exist in significant

numbers in the national and regional economies, as identified by the VE (Tr. 23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on June 3, 2005 (Tr. 4-6).


Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Docket Nos. 4 and 5] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.      Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

> **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous

because the ALJ found his testimony to be credible and (2) the ALJ misread the

testimony of Dr. Michael Anstead.

> **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first contends that as the ALJ found his testimony to be credible,

he should be found disabled.   Contrary to Plaintiff's assertion, the finding of

credibility is not tantamount to the finding of disability.  In this case, the ALJ

found Plaintiff's testimony to be "generally credible regarding his symptoms and

limitations" (Tr. 20).  The ALJ went on to state, "yet despite the claimant

impairments, he is able to perform a wide range of daily activities" (Tr. 20).  The

Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household

and social activities engaged in by the claimant in evaluating a claimant's

assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127

F.3d 525, 532 (6th Cir. 1997).   In this case, at the time of the hearing Plaintff was a

full-time student at the University of Kentucky, with no record of prolonged

absence due to his impairments.  The ALJ also noted that Plaintiff is able to shop,

attend church, perform volunteer work, complete an internship, go on mission trips

and care for his personal needs (Tr. 20).  As the ALJ obviously concluded, this

range of activity belies disabling impairment.

     Plaintiff further urges that the ALJ should have included the need to lie

down for two hours in an eight-period in the RFC.  However, this restriction is not

supported by medical evidence.   For example, Dr. Jamshed Kanga, one of

Plaintiff's treating sources, stated that Plaintiff's energy level was good and noted

no absences from school (Tr. 168).  The ALJ also took note of Plaintiff's daily

activities, as cited above, in discounting the alleged need to lie down for two hours

in an average workday.  Based upon the record, the Court finds that the ALJ

properly evaluated Plaintiff's testimony in light of the other credible evidence of

record.

     Plaintff makes much of the fact that the ALJ posed several different

hypothetical questions to the VE, incorporating various limitations, some which

the ALJ deemed credible, the other which did not.  There is nothing in the

regulations which prohibits the VE from responding to alternative hypothetical

questions which presume different restrictions allegedly placed on the Plaintiff.  As

the Defendant points out, the ALJ is not required to accept the VE's response to a

hypothetical question which included restrictions the ALJ has rejected.

Plaintiff's second claim of error is that  the ALJ misread the testimony of Dr.

Michael Anstead.   Specifically, Plaintiff refers to the ALJ's comment that Dr.

Anstead "admitted that the claimant's constipation had stabilized through medical

management" (Tr. 18) and contends that the ALJ misread Dr. Anstead's testimony.

In his sworn statement, Dr. Anstead does not utter those exact words, but seems to

indicate that while Plaintiff's chronic constipation will never improve significantly,

it can, with proper management, improve to some degree (Tr. 203).  Plaintff,

however,  has failed to demonstrate what impact the ALJ's misinterpretation of Dr.

Anstead's opinion as to Plaintiff's chronic constipation had on his ultimate

decision.   Indeed, the ALJ specifically stated that he was unable to give Dr.

Anstead's opinions significant weight as they were not only inconsistent with the

other credible medical evidence of record, but also the accomplishments and

activities of the Plainytiff (Tr. 20).  The Court finds no error in this assessment.  At

worst, the ALJ's slightly overstatement of the portion of Dr.  Anstead's opinion

which addressed one of Plaintiff's symptoms.  The Courts finds, at most, harmless

error in this regard.

The Court, having reviewed the record, finds the ALJ's decision to be supported by substantial evidence.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 6, 2006.

Signed By:

Henry R Wilhoit Jr.

United States District Judge